# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Gilligan,<br><br>    Petitioner,<br><br>v.<br><br>State of Arizona, et al.,<br><br>    Respondents. | No. CV-24-08158-PCT-ROS<br><br>**ORDER** |

On November 7, 2024, Petitioner Jerry Gilligan filed a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Doc. 7.) On May 21, 2025, Magistrate Judge John Z. Boyle filed a Report and Recommendation ("R&R) recommending the Petition be denied and dismissed with prejudice and without a Certificate of Appealability. (Doc. 71.) On May 27, 2025, within the fourteen-day period for filing objections to the R&R, Petitioner filed a Motion for Lost or Destroyed Evidence, (Doc. 77), Motion for Reconsideration, (Doc. 78), and Notice of Error, (Doc. 79). On June 10, 2025, Respondents filed a Response to the Motions and Notice to the extent the Court construes the filings as objections to the R&R. (Doc. 80.)

Also before the Court are nineteen other motions filed by Petitioner after the time for filing objections expired. As set forth below, the Court will deny Petitioner's motions, overrule his objections, adopt the R&R in full, and deny and dismiss the Petition with prejudice and without a Certificate of Appealability.

## I. BACKGROUND

Magistrate Judge Boyle recounted the factual and procedural background of Petitioner's appeals and post-conviction relief proceedings in state court. (Doc. 13 at 2–13). As neither party objects to this portion of the R&R, the Court hereby accepts and adopts it. *See Thomas v. Arn*, 474 U.S. 140, 152 (1989) ("There is no indication that Congress . . . intended [the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C)] to require a district judge to review a magistrate's report to which no objections are filed."); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

## II. LEGAL STANDARD

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* But the district court need not review the portions to which no objection is made, *see Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003), or where an objection merely repeats arguments raised in the habeas petition, *see Scott v. Shinn*, No. CV-20-02343-PHX-DWL, 2021 WL 5833270, at *4 (D. Ariz. Dec. 9, 2021) ("Petitioner's objections largely amount to his repeating the same arguments he raised in his habeas petition and reply. . . . This approach is impermissible—at this stage of the proceedings, Petitioner must identify specific flaws in the R&R's reasoning, not simply repeat his earlier arguments."). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Williams v. Ryan*, No. CV-18-00349-TUC-RM, 2019 WL 4750235, at *5 (D. Ariz. Sept. 30, 2019).

Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244. The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" or "the date on which the factual predicate of the claim or claims presented

could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1).[1]

### III. ANALYSIS

The R&R recommends the Petition be denied and dismissed with prejudice because the Petition was filed forty-three days after the one-year limitations period expired and Petitioner is not entitled to statutory or equitable tolling, nor has he demonstrated a credible claim of actual innocence to excuse his untimeliness.

#### A. Equitable Tolling

The Court construes Petitioner's Motion for Reconsideration, (Doc. 78), as objecting to the R&R's conclusion that "Petitioner fails to demonstrate extraordinary circumstances" to equitably toll AEDPA's one-year filing deadline, (Doc. 71 at 6.) However, Petitioner's objection merely reasserts the same facts and arguments previously rejected in the R&R. (*See id.* at 6–7.) As such, the Court need not review this portion of the R&R de novo. *See Scott*, 2021 WL 5833270, at *4. Noting no clear error in the magistrate judge's factual or legal conclusions,[2] the Court hereby overrules Petitioner's objection and adopts and accepts this portion of the R&R finding Petitioner is not entitled to equitable tolling.

#### B. Actual Innocence

The Court construes Petitioner's Motion for Lost or Destroyed Evidence (Doc. 77) as objecting to the R&R's conclusion that Petitioner has not presented new reliable evidence to raise a convincing claim of actual innocence and excuse his untimeliness. Petitioner recites case law to suggest he was entitled to a *Willits* instruction based on lost or destroyed evidence, but he fails to note what specific evidence he claims was lost or destroyed. Liberally construed,[3] the Court interprets Plaintiff's argument to be the same

---

[1] The other two possible dates from which the limitation period may run are not relevant here. *See* 28 U.S.C. § 2244(d)(1)(B)–(C).
[2] Some Ninth Circuit authority suggests a district court must review determinations of law de novo even where no objection is made. *See, e.g.*, *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007).
[3] If construed narrowly as a new argument that Petitioner was entitled to a certain jury instruction, this argument has been waived.

one he raised in his prior Motion to Produce Jail House Informant's Testimony. (*See* Doc. 61.)

In the R&R, the magistrate judge denied Petitioner's Motion to Produce Jail House Informant's Testimony because his "request for additional discovery in the case bears no relation to the question of whether the Petition is timely." (Doc. 71 at 10.) To the extent Petitioner now argues this evidence would have established a credible claim of actual innocence and "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," *see Schlup v. Delo*, 513 U.S. 298, 327 (1995), the Court disagrees. The Arizona Court of Appeals found there was "overwhelming direct evidence against [Petitioner] presented to the jury, including video evidence." (Doc. 51-1, Ex. G, at 153.) At trial, Petitioner was prepared to present photographs of his genitals showing tattoos and piercings to impeach the victim's testimony that the victim had not seen any tattoos or piercing on Petitioner's genitals. (Doc. 51-3 at 31.) But this evidence was not offered after Petitioner's counsel was notified several inmates were prepared to testify that Petitioner obtained "the tattoos and piercing while in the jail following his arrest in this matter." (*Id.* at 32.) Even if the photographs and informant testimony had been admitted—or if the informant's identities were "lost or destroyed" evidence entitling Petitioner had to a *Willits* instruction—it is still clear a reasonable jury could likely convict Petitioner, particularly in light of the direct video evidence of him committing the crimes. As such, the Court overrules Petitioner's objection and accepts and adopts this portion of the R&R finding Petitioner has failed to show a credible claim of actual innocence to excuse his untimeliness.

**C. Notice of Error**

In his Notice of Error, Petitioner asserts the R&R "used false information" because Petitioner allegedly never received the State's Response to his Petition. (Doc. 79 at 1.) Petitioner thus suggests "this Court should order defendents [sic] to send petitioner a copy of their response." (*Id.*)

As a threshold matter, the R&R merely stated "[o]n March 11, 2025, Respondents

filed a Response," (Doc. 71 at 4.), not that Petitioner was properly served with the Response. Further, Respondents have previously submitted affidavits, mail log records, and circumstantial evidence demonstrating Petitioner received the Response. (*See* Docs. 70, 75.) Petitioner did not submit any competing evidence and his requested relief appears moot; but in any event, the Court does not interpret Petitioner's argument as an objection to any specific portion of the R&R.

### D. Motions to Appoint Counsel

Petitioner has filed a Motion for Right of Counsel Reconsideration (Doc. 95), Motion to Appoint Counsel (Doc. 104), and Motion for Appoint of Counsel for Reconstruction (Doc. 128), in which he argues his entitlement to appointed counsel. The Court previously denied Petitioner's arguments for appointing counsel:

> Petitioner seeks the appointment of counsel, claiming there is "no legal help," law books, or a library in the unit where he is confined.
> "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). However, the Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).
> Petitioner has not made the necessary showing for appointment of counsel at this time, and, therefore, the Court will deny his request for an attorney without prejudice. If, at a later date, the Court determines that an evidentiary hearing is required, counsel will be appointed in accordance with Rule 8(c) of the Rules Governing Section 2254 Proceedings.

(Doc. 9 at 4.) Petitioner, appearing to rely on the same arguments previously raised, still fails to show the circumstances of his particular case require appointed counsel to prevent due process violations. Furthermore, the Court does not find appointment is necessary in the interests of justice, particularly because Petitioner's claimed inability to access legal resources has not impaired his ability to file numerous motions relying on (oft inapplicable) case law to request myriad forms of relief.

### E. Motion for Leave to Amend

On April 1, 2025, Petitioner filed a one-sentence motion requesting "leave to amend and lodge a proposed amended petition." (Doc. 55.) Respondents filed a Response in objection. (Doc. 59.)

A district court may deny a plaintiff leave to amend if it determines that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The R&R recommended leave to be amend be denied because "the Petition is untimely, and Petitioner presents no grounds to support the motion or explain how an amendment would make the Petition timely." (Doc. 71 at 8.) Neither party objected to this finding, and the Court finds no clear error in the R&R's conclusion. As such, the Court accepts and adopts the R&R's recommendation and will deny Petitioner's Motion for Leave to Amend.

### F. Petitioner's Other Motions

Also before the Court are more than a dozen other miscellaneous motions filed by Petitioner, which are substantively all untimely objections to the R&R. (*See* Docs. 97, 119, 123, 124, 125, 127, 129, 130, 131, 132, 133, 134, 136, 137, 138.) Previously, the Court denied roughly thirty similar motions:

> Having reviewed Petitioner's other filings, the Court finds they are not authorized by the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, nor the Local Rules of Civil Procedure. Petitioner is thus advised his filings are procedurally barred and not permitted under the applicable rules; further such filings and all improper filings in violation of this Order may result in possible sanctions against Petitioner. *See* LRCiv 83.1(f).

(Doc. 122 at 2.) Undeterred by this warning, Petitioner's procedurally improper filings continued. As before, the Court will deny Petitioner's remaining motions as they are not authorized by any of the applicable federal or local rules governing these proceedings.

Accordingly,

**IT IS ORDERED** the R&R (Doc. 71) is adopted in full.

**IT IS FURTHER ORDERED** the Petition for Writ of Habeas Corpus (Doc. 7) is **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal is **DENIED** because reasonable jurists would not find the Court's resolution of

Petitioner's claims debatable nor are the issues presented adequate to deserve encouragement to proceed further.

**IT IS FURTHER ORDERED** Petitioner's Motion for Leave to Amend (Doc. 55), Motion for Lost or Destroyed Evidence (Doc. 77), Motion for Reconsideration (Doc. 78), Motion for Right of Counsel Reconsideration (Doc. 95), Motion to Address Indigent Trial Tools (Doc. 97), Motion to Appoint Counsel (Doc. 104), Motion to Strike (Doc. 119), Motion for Reconsideration (Doc. 123), Motion on Maligning Counsel or Experts (Doc. 124), Omnibus Motion (Doc. 125), Motion for Plain/Fundamental Error (Doc. 127), Motion for Appointment of Counsel for Reconstruction (Doc. 128), Motion for the Right to Access the Courts on a Habeas Petition (Doc. 129), Motion for Compulsory Process Clause (Doc. 130), Motion on Jury Instructions (Doc. 131), Extraordinary Motion for DNA Testing and New Trial (Doc. 132), Motion for Order on Arizona State Prison at Catalina Unit for Legal Help (Doc. 133), Motion on Religion of Trial Judge and Prosecutor and Trial Attorney (Doc. 134), Motion for Reconsideration (Doc. 136), Motion for Complaint on Hearsay Evidence (Doc. 137), and Motion Attacking Sentence (Doc. 138) are **DENIED.**

Dated this 2nd day of February, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge